UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AMOS RICO BOWERS, JR.,

        Plaintiff,                Case No. 1:15-cv-1088

v.                                      Honorable Robert J. Jonker

CAROL HOWES,

        Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner, purportedly under Rule 60(b)(3) of the Federal Rules of Civil Procedure.[1] The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* pleadings indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for lack of jurisdiction.

---

[1] Plaintiff's initial pleading in this action is titled "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(3)." (ECF No. 1.) It was initially docketed by the clerk as a petition under 28 U.S.C. 2254, but then it was re-docketed as a petition for mandamus based on the nature of suit marked on the cover sheet to the pleading. For the reasons stated herein, the Court construes the pleading as a complaint under 42 U.S.C. § 1983.

**Factual Allegations**

Plaintiff Amos Rico Bowers, Jr., alleges that he filed a complaint for a writ of habeas corpus in Branch County Circuit Court on May 8, 2012. Defendant Warden Carol Howes, acting through her counsel, allegedly submitted a fraudulent response to the complaint asserting that Plaintiff's complaint was an attempt to appeal his criminal conviction, and that "apparently, Petitioner has never filed an appeal of his conviction," either directly or through a motion for relief from judgment, because "[a] search in the Westlaw database for Petitioner's name yields no results." (Resp. to Compl. for Habeas Corpus, ECF No. 3-1, Page ID.38.) Plaintiff contends that these representations were fraudulent because (1) he was attacking the jurisdiction of the trial court rather than appealing his criminal conviction, and (2) he had, in fact, filed an appeal with the Michigan Court of Appeals. Plaintiff responded to Defendant's assertions in the state court proceedings, but the court dismissed his complaint and subsequently denied reconsideration. (*See* 7/11/2012 Op. & Order [denying complaint], ECF No. 3-1, PageID.49; 8/1/2012 Order [denying reconsideration], ECF No. 3-1, PageID.50.) Plaintiff then filed a complaint for superintending control with the Michigan Court of Appeals, but his complaint was denied. Plaintiff appealed that decision to the Michigan Supreme Court, which denied leave to appeal on February 3, 2015.

Based on the foregoing, Plaintiff claims that Defendant deprived him of due process by committing fraud on the state court, and that the state court erred when denying Plaintiff's complaint for a writ of habeas corpus. As relief, Plaintiff seeks reversal of the decisions of the Michigan Supreme Court, the Michigan Court of Appeals, and the Branch County Circuit Court, as well as a remand of his complaint for writ of habeas corpus to the state court for an evidentiary hearing. (Compl., ECF No. 1, PageID.4.)

## Discussion

Plaintiff's action is defective for several reasons. First, he bases his action on Rule 60 of the Federal Rules of Civil Procedure, but he seeks relief from the judgment of a state court. Rule 60 applies to judgments of this Court. It does not give the Court authority to grant relief from the judgment of a state court. Thus, Rule 60 is not an adequate basis for Plaintiff's action.

Second, the Court does not have authority to grant the relief requested. When the action was filed, the clerk's office construed the complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, ostensibly because Plaintiff sues a prison warden and he mentions concerns about the validity of his criminal conviction. On further review, however, the Court finds that such construction is not appropriate. Plaintiff makes no mention of 2241 or 2254 as a basis for relief, and he expressly asserts that he is not challenging his conviction. Furthermore, the focus of his complaint is on his post-conviction proceedings, not his conviction. "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986) and *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002)). "[T]he traditional function of the writ is to secure release from illegal custody," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), but Plaintiff's due-process claims with respect to his post-conviction proceedings, even if resolved in his favor, would not impact his custody. In reviewing such claims, the Court "'would not be reviewing any matter directly pertaining to'" that custody. *Cress*, 484 F.3d at 853 (quoting *Kirby*, 794 F.2d at 247). In addition, the Court notes that re-characterizing Plaintiff's action as a petition under § 2254 could adversely impact his ability to seek such relief in the future. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (noting the bar on second or successive

petitions in 28 U.S.C. § 2244). Consequently, the Court declines to construe this action as a petition for a writ of habeas corpus.

Instead, the Court finds it more appropriate to construe the action as a complaint presenting claims under 42 U.S.C. § 1983, because Plaintiff sues a state official and he claims that his constitutional rights have been violated. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). So construed, however, the action must be dismissed because the essential purpose of Plaintiff's action, and the only relief sought by him, is to reverse the decisions of several state courts. This Court lacks jurisdiction to grant such relief. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker–Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir.2009). "Congress [has] empowered only [the Supreme Court] to exercise appellate authority 'to reverse or modify' a state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 285 (2005) (quoting *Rooker*, 263 U.S. at 416). To obtain reversal of the state court's decision denying his complaint for a writ of habeas corpus, Plaintiff's recourse was to seek review by the Michigan appellate courts, and if that was unsuccessful, to seek review by the United States Supreme Court.[2] He cannot obtain that relief here.

---

[2] Although the denial of a complaint for a writ of habeas corpus is not appealable as of right, it can be renewed by filing an original complaint in the Michigan Court of Appeals, as described in *Triplett v. Deputy Warden*, 371 N.W.2d 862, 866 (Mich. Ct. App. 1985).

Third, even if *Rooker-Feldman* does not apply, Plaintiff's claims are time-barred. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[3]

Plaintiff asserts claims arising on or before July 11, 2012, when the trial court allegedly relied upon the submissions by Defendant's attorney and denied the complaint for a writ of habeas corpus. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued on or about July 11, 2012.[4] However, he did not file his complaint in this action until October 2015, well past Michigan's three-year limit. Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002

---

[3]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[4]Alternatively, the claims accrued on August 1, 2012, when the state court denied his motion for reconsideration.

WL 1334756, at *2 (6th Cir. June 17, 2002). Consequently, even if the Court did have jurisdiction, Plaintiff's action would be barred by the statute of limitations.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, Plaintiff's action will be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine. A claim dismissed on the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704, at *2 (6th Cir. Nov. 7, 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (same). Consequently, this is a dismissal as described by 28 U.S.C. § 1915(g).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Dated:     December 11, 2015          /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE